In the Matter of Jay F. TWEEDY, Respondent.

No. 49S00–1006–DI–294.

Supreme Court of Indiana.

Nov. 30, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on December 1, 2009, Respondent pled guilty to public intoxication. At the time of his arrest, Respondent appeared at the Child Advocacy Center for a police interview of a juvenile client. Respondent has five prior convictions for operating a vehicle while intoxicated ("OWI"), one of which occurred in 1986 (prior to his admission to the bar), and four of which occurred in 1991, 1999, 2001, and 2003 (after his admission to the bar). Respondent failed to notify the Commission of the last three OWI convictions. Facts in mitigation are: (1) Respondent was cooperative with the Commission; (2) he completed a treatment program for chemical dependency and continues with an aftercare program; and (4) he voluntarily terminated his private law practice.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties propose the appropriate discipline is a six-month suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning December 31, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.